## McKay v. Brower

*Truman D. Wade*, for plaintiff.
*Roland S. Grubb*, for defendant.

HARVEY, J., May 25, 1942.—After hearing thereon, we have before us defendant's petition for leave to join as additional defendant, pursuant to the provisions of Pa. R. C. P. 2252, the Good Roads Machinery Corporation, a corporation organized under the laws of the State of Delaware.

The petition must be dismissed.

Subdivision (c) of the rule directs that "The petition shall be accompanied by a form of order of the court substantially as follows: . . ." No such order accompanies the petition. The double function of the order is that of a grant of the prayer of the petition and that of a process. In its capacity as a writ, it is a substantive and essential element of the procedure authorized. A failure of the petition to be accompanied by the order is fatal to the validity of the petition and renders it of no effect.

Furthermore, subdivision (d) of the rule requires: "All other parties of record in the action shall be served with a copy of such petition, and, unless a hearing is waived in writing by all parties, there shall be a hearing thereon and each party shall be given at least ten days' notice of the time and place of such hearing."

While proof of service of such copy and notice upon the proposed additional defendant has been made, none has been made of such service upon plaintiff.

Although it is not necessary to the support of our order, we add that we have serious doubt the facts alleged would establish the liability of the proposed additional defendant; and, in view of the fact that such additional defendant might assert the right to remove the cause to the United States District Court, with the additional complexity of matters of law and probable delay incident to such removal, we are of opinion that prejudice to plaintiff would arise.

Leave to join additional defendant denied.

Petition dismissed.